IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT LEO BREEDEN,

Petitioner,

v.

Civil Action No. 3:02CV49
Criminal No. 3:00CR57-07
(Judge Broadwater)

UNITED STATES OF AMERICA,

Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On June 10, 2002, the *pro se* petitioner, Robert Leo Breeden ["Breeden"], an inmate at FCI-Cumberland, Cumberland, Maryland, filed a motion pursuant to 28 U.S.C. §2255 regarding his underlying sentence. By order entered on June 18, 2002, I ordered the Government to respond to the motion. On July 25, 2002, the Government filed its response. On August 9, 2002, Breeden filed a traverse to the Government's response.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2255 (Standing Order No. 4 ) and the June 12, 2002 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

### A. Indictment

Breeden was indicted on multiple counts by a grand jury for the United States District Court



for the Northern District of West Virginia.

B. **Plea**

On January 24, 2001, Breeden signed a plea agreement in which he agreed to plead guilty to the charge of distribution of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§841(a)(1) and 860 (Count 28). In the plea agreement, Breeden was advised of the statutory maximum penalty to which he could be exposed as a result of his plea. Further, Breeden stipulated to total relevant conduct of at least 364.28 grams of cocaine base also known as crack. Additionally, he waived the right to appeal any sentence which was within the maximum provided in the statute of conviction or the manner in which the sentence was determined. He also agreed to waive his right to collaterally attack his sentence.

C. **Plea Hearing**

On February 1, 2001, Breeden, in the presence of his counsel, in open court, withdrew his plea of not guilty and entered a plea of guilty. During the hearing, in response to the Court's questioning regarding whether he had "consumed any medicine, drugs, or alcohol in the last 24 hours, Breeden stated that he had taken Indocin, an arthritis medication. (Plea Hearing Tr.p. 4). Breeden further stated he knew he was in court to make a plea. Based upon the answers Breeden provided to the Court at the beginning of the hearing, the Court found that Breeden was "clear, cogent, and fully aware of his circumstances and surroundings." (Plea Hearing Tr. p. 6).

During the plea hearing, Breeden stated that he (1) understood the Court was not bound by the recommendations set forth in the plea agreement, (2) he understood his plea contained a waiver of his right to appeal his sentence and to collaterally attack his sentence, (3) he understood and agreed with the terms of the plea agreement, (4) he had gone over the agreement with his attorney,

(5) he understood the minimum and maximum sentence he could receive, (6) he understood the consequence of pleading guilty, and (7) he was not threatened, forced or harassed to enter into the plea. Prior to accepting Breeden's guilty plea, the Court stated as follows:

> the plea has been made freely and voluntarily with the full knowledge of the consequences of making it. The Court also finds that there is a foundation in fact for the tendered plea, and that the elements of the crime charged in Count 28 have been established beyond a reasonable doubt. The Court also takes judicial notice that the medication the defendant indicated he was on is an anti-inflammatory drug used for controlling arthritic pain conditions, and obviously in reference to the defendant's participation in today's change of plea hearing, has no effects on his ability to clearly, fully, and completely understand the nature and consequences of entering a guilty plea here today.

(Plea Hearing Tr. p. 29).

**D. Sentencing**

On April 30, 2001, Breeden appeared before the Court for sentencing. The Court sentenced Breeden to 188 months imprisonment, and five years of supervised release.

**E. Federal Habeas Corpus**

**Breeden's Contentions**

(1) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea.

    (a) He was under the influence of drugs when he entered his plea; and

    (b) his attorney coerced him to plead guilty.

(2) In violation of the Fifth Amendment's Due Process Clause, Defendant was convicted for drug amounts not charged in the indictment.

    (a) Count 28 of the indictment referenced .44 grams of cocaine base; and

3

(b) in light of <u>Apprendi</u>,[1] the Court lacked jurisdiction to sentence him for a drug quantity not stated in the indictment.

(3) Illegal Sentence. The 188 month term of imprisonment imposed on Count 28 exceeded the Court's jurisdiction to sentence Defendant above the "catch all" statutory maximum of §841(B)(3) with a maximum of one (1) year when the Defendant was neither charged with or given notice of the penalty for which he was sentenced.

(a) He was not given proper notice of the §841(b) penalty; and

(b) he was confused as to the penalty he would receive.

(4) Defendant was denied the right to receive effective assistance of counsel.

His attorney failed to object and argue the obvious issues in the P.S.I. and at sentencing. Issues like whether or not the Defendant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence during the plea hearing while Defendant was on drugs or whether or not uncharged conduct can be used to enhance Defendant's sentence when it was not charged in the indictment. Also, his attorney told him just to answer "yes" or "no" to the Court's questions during the plea hearing and advised him that he would receive at most 8 years imprisonment.

Breeden requests that the Government be directed to answer his motion and a hearing be granted. He also requests that his conviction be vacated and a new trial be granted or that the Court vacate his sentence and re-sentence him.

**Government's Response**

(1) Breeden waived his right to collaterally attack his sentence.

(2) Breeden has offered no factual or legal support for his allegation that he was under the influence of drugs when he entered his plea.

(3) Breeden failed to demonstrate that he was coerced into entering the plea.

(4) Breeden does not have an <u>Apprendi</u> claim because he was sentenced below the statutory maximum of 240 months.

---

[1] <u>Apprendi v. New Jersey</u>, 530 U. S. 466 (2000).

4

(5) Breeden stated at the Rule 11 hearing that he understood the penalties attendant to his plea. Further, Breeden does not indicate how the Court's advice about the maximum penalty affected his decision to plead guilty.

(6) Breeden was not provided ineffective assistance of counsel.

**Breeden's Reply**

(1) The Court did not inquire as to what effect, if any, his medication had on his ability to enter into a voluntary plea and understand the consequences of the plea. The medication, Indocin, has serious adverse side effects, including anxiety, psychotic episodes, mental confusion, and drowsiness.

(2) His relevant conduct is .44 grams of cocaine base as charged in the indictment and his stipulation is void because it was not supported by a preponderance of the evidence.

(3) He had no notice of the specific penalty he would receive.

(4) Had his attorney advised him he was facing 20 years and not life, he would have proceeded to trial.

(5) His attorney took advantage of him while he was under the influence of drugs.

## G. Recommendation

Based upon my review of the record, I recommend Breeden's motion be denied.

## II. ANALYSIS

### A. Waiver

Breeden waived his right to appeal and collaterally attack his sentence. Waiver of appellate rights in a plea agreement is generally valid. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). Generally, informed and voluntary waiver of the right to file for post conviction relief is effective to bar such relief. United States v. Wilkes, 20 F.3d 651 (5th Cir.

5

1994); see also Butler v. United States, 173 F. Supp. 2d 489 (E.D. Va. 2001). Exceptions to these general rules would be claims of sentences in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor, United States v. Marin, 961 F.2d 493 (4th Cir.1992), or claims for ineffective assistance of counsel or claims challenging the voluntariness of the plea. Butler, 173 F. Supp. 2d at 494.

Breeden's claims fall within the above-mentioned exceptions and are not barred by his waiver of his right to collaterally attack his sentence. These claims are discussed below.

## B. **Involuntary Plea**

While Breeden alleges in his §2255 motion that his plea was involuntary because he was under the influence of drugs at the time he entered his guilty plea and because he was coerced and deceived into pleading guilty, he did not raise this issue on appeal. The voluntariness and intelligence of a guilty plea cannot be attacked on collateral review unless it is first challenged on direct review. Bousley v. United States, 523 U.S. 614, 621 (1998). If the issue was not raised on direct appeal, the petitioner must show cause and prejudice or actual innocence. Id. at 622.

Breeden did not appeal his sentence, and he has not made the requisite showing of cause and prejudice or actual innocence. Thus, this claim is procedurally barred. However, while the Government asserts that Breeden waived his right to collaterally attack his sentence, the Government did not argue the cause and prejudice requirement. Because the Government failed to raise the procedural bar as a defense, I consider the defense waived, and will address the merits of Breeden's claim that his plea was involuntary. See United States v. Metzger, 3 F. 3d 756 (4th Cir. 1993).

### 1. **Influence of drugs**

Breeden asserts his plea was not voluntary and knowing because he was under the influence

of drugs when he entered his guilty plea. Before a court accepts a guilty plea, the court must determine that the defendant is competent to enter the plea and that the plea is knowing and voluntary. Godinez v. Moran, 509 U.S. 389 (1997).

In order for Breeden to be successful on his claim that he was under the influence of drugs when he pled guilty, Breeden must demonstrate that "his mental faculties were so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." United States v. Truglio, 493 F.2d 574, 579 (4th Cir. 1974) (quoting United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970)).

Breeden fails to meet his burden of proof. Breeden only makes a bare allegation that his plea was involuntary because he "was in fact under the influence of drugs, as the record reflects." However, the only drug he testified to taking was Indocin, an arthritis medication. While Breeden cites to the side effects of Indocin as set forth in the Physician's Desk Reference, 56th Edition (2002), he has never indicated he suffered from any of the side effects, nor has he asserted that the medication impaired his mental capacity. Nonetheless, Breeden asserts the Court erred in failing to inquire as to what effect if any, the Indocin had on his ability to enter a knowing and intelligent plea.

"Rule 11 counsels a district court to make further inquiry into a defendant's competence to enter a guilty plea once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999) (quoting United States v. Cole, 813 F.2d 43, 46 (3d Cir.1987)).

Here, the Court complied with Rule 11. During Breeden's plea hearing, Judge Broadwater

inquired regarding what medication, if any, Breeden had taken prior to the hearing. In response to Judge Broadwater's questions, Breeden acknowledged that (1) within 24 hours of the plea hearing, he had taken Indocin, an arthritis pain medication, but he was not under any influence of alcohol, medicines, or drugs; (2) he fully understood the charges against him; (3) he was guilty of the relevant count; (4) he understood and agreed with the terms of the written plea agreement; (5) his plea was voluntary and entered without coercion; (6) he had ample time to discuss his case with his counsel; and (7) he was satisfied with counsel's services.

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea. United States v. Lambey, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Morever, Judge Broadwater noted during the plea hearing that Breeden was clear and cogent. Consequently, there is no evidence that Breeden was under the influence of drugs during the plea hearing, and based on Breeden's answers during his plea hearing, the Court did not need to make further inquiry into what effect, if any, the Indocin had on him. Thus, Breeden's reliance on Damon is misplaced. Therefore, Breeden's claim that his plea was not voluntary and knowing because he was under the influence of drugs and that the Court failed to properly conduct the Rule 11 hearing is without merit.

### 2. Coercion

Breeden also attempts to have his plea vacated by alleging that he was coerced by his counsel

to plead guilty. However, during the plea hearing, Breeden testified that he was not coerced to plead guilty. A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), *cert. denied*, 503 U.S. 997 (1992). There is nothing in the record which demonstrates that Breeden was coerced into pleading guilty. Thus, this claim is without merit.

### C. Conviction for Drug Amounts Not in the Indictment/Apprendi

While the indictment charged Breeden with .44 grams of cocaine base, Breeden stipulated that his offense involved at least 364.28 grams of cocaine base. Breeden's sentence was based on the amount of relevant conduct to which he stipulated. The sentencing court is provided "broad discretion" as to what information to credit in making its determinations. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). For sentencing purposes, the district court is permitted to consider any relevant and reliable evidence before it to determine relevant conduct. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). Conduct not specified in the count of conviction is relevant if it is part of the same course of conduct or part of a common scheme or plan as the count of conviction. USSG §1B1.3(a)(2); USSG §3D1.2(d); United States v. McNatt, 931 F.2d 251 (4th Cir. 1991), *cert. denied*, 502 U.S. 1035 (1992). During sentencing, the Court can consider evidence of other drug possession when the government has established the drug amounts by a preponderance of the evidence and the conduct is relevant to the offense of conviction. United States v. Cook, 76 F.3d 596, 604-05 (4th Cir. 1996). The Government can met its burden by (1) a defendant's acknowledgment during the Rule 11 colloquy or sentencing proceedings that the amount set forth in the indictment or alleged by the Government is correct; (2) when a defendant, without reserving his right to challenge the amount for sentencing purposes, pleads guilty to an indictment that

9

attributes a specific quantity of drugs to the defendant; or (3) by a stipulation of the parties that the court determines to have a reasonable factual basis. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). "The application of the preponderance standard at sentencing generally satisfies due process." United States v. Watts, 519 U.S. 148, 157 (1997).

Here, Breeden stipulated to relevant conduct of 364.28 grams of crack cocaine. Thus, the Court properly sentenced Breeden for 364.28 grams of crack cocaine rather than the .44 grams set forth in the indictment. Accordingly, the Court did not violate Breeden's constitutional rights.

Furthermore, the Court's use of relevant conduct to determine Breeden's sentence did not violate Apprendi. The United States Supreme Court held in Apprendi that any factor other than prior convictions which increased the defendant's sentence beyond the statutory maximum must be submitted to the jury. Apprendi v. New Jersey, 530 U.S. 466 (2000). See also United States v. Angle, 254 F.3d 514 (4th Cir. 2001)( The Fourth Circuit Court of Appeals held that if the government seeks enhanced penalties under 21 U.S.C. §841(b)(1)(A) or (B) the quantity must be set forth in the indictment). The fact that the specific quantity of drugs for which he was sentenced was not set forth in the indictment does not render the indictment invalid. If the indictment does not specify the amount of cocaine or cocaine base, the maximum sentence is 20 years in prison. 21 U.S.C. §841 (b)(1)(C); United States v. Cotton, ___ U.S. ___, 122 S.Ct. 1781 (2002); United States v. Angle, 254 F.3d 514 (4th Cir. 2001). A sentence exceeding 20 years can be imposed only upon an additional finding that the offense involved a specific threshold amount. See U.S.C. §841(b)(1)(A) and (B). See also United States v. Promise, 255 F.3d 150 (4th Cir. 2001).

Here, in addition to violating 21 U.S.C. §841, Breeden also violated 21 U.S.C. §860. The Fourth Circuit Court of Appeals has addressed the issue of the statutory maximum sentence when

both sections 841 and 860 are violated. "The maximum sentence for violating both sections 860 and 841(a) is the maximum under section 860 because section 841(a)(1) is a lesser included offense of section 860 . . .The maximum penalty under section 860 is double the maximum penalty under section 841(a)(1)." United States v. Willoughby, 39 Fed.Appx.28, 30, 2002 WL 753226 (4th Cir. 2002)(unpublished)(citations omitted).[2] The Court of Appeals further stated that when the indictment does not specify drug quantity and the question was not submitted to the jury to be found beyond reasonable doubt, "the conviction on section 841(a)(1) subjects defendants to the maximum penalty specified in section 841(b)(1)(C), which is 20 years imprisonment, absent prior drug felony convictions." Id. Because the defendants violated 21 U.S.C. §860 as well, the defendants are subject to 40 years imprisonment. Id.

Thus, the statutory maximum sentence for Breeden's violations of both 21 U.S.C. §§ 841 and 860 is 40 years imprisonment. Because the Government did not seek enhanced penalties and Breeden was not sentenced to more than the statutory maximum of 40 years in prison, Apprendi does not apply to his case. Thus, Breeden's claim that his sentence violates Apprendi is without merit.

### D. Illegal Sentence

According to Breeden, the Court had no jurisdiction to sentence him above the one year maximum sentence set forth in 21 U.S.C. §841(b)(3). "Congress ... provided for several 'catch-all' provisions, all of which generally contain no reference to specific drug quantity or drug identity, except by schedule number. See, e.g., [21 U.S.C.] § 841(b)(1)(C) ('In the case of a controlled

---

[2]Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

11

substance in schedule I or II ...'); id. § 841(b)(1)(D) ('... in the case of any controlled substance in schedule III ...'); id. § 841(b)(2) ('In the case of any controlled substance in schedule IV ...'); id. § 841(b)(3) ('In the case of a controlled substance in schedule V ...')." United States v. Henry, 282 F. 3d 242 (3d Cir. 2002).

As evidenced by both the indictment and the plea agreement, Breeden's offense involved crack which is a schedule II drug, not a schedule V drug. See 21 C.F.R. §1308.12; United States v. Burns, 298 F. 3d 523, 544 (6th Cir. 2002). Thus, the one year statutory maximum in §841(b)(3) did not apply to Breeden. As discussed above, pursuant to 21 U.S.C. §841, the statutory maximum for an unspecified quantity of crack is 20 years. Thus, Breeden's 188 month sentence was not illegal.

Further, it appears Breeden's claim of "illegal sentence" also relates to whether his plea was voluntary because he asserts he was not given proper notice of the sentence he would receive and he was confused as to what his sentence could be. Despite Breeden's assertions in his §2255 motion, during the plea hearing, Breeden advised the Court that he was aware his specific sentence could not be determined until the Pre-Sentence Investigation Report had been completed, and that he was aware of the statutory minimum and maximum sentence he could receive. Further, while he alleges he was confused as to the sentence he could possibly receive, the record reveals otherwise. During the plea hearing, Breeden stated that he understood the penalties he was facing. Further, he signed the plea agreement in which the statutory penalties were set forth. Lastly, Breeden's claim that he would have gone to trial had he known he faced only 20 years instead of life is unsupported. Breeden was facing multiple charges. Had he been convicted on the other counts, he could have faced a more severe sentence. Thus, this claim is without merit.

### E. Ineffective Assistance of Counsel

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The petition must come forward with evidence that the claim has merit. Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), *cert. denied*, 507 U.S. 923 (1993).

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F. 2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v.

Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied,* 488 U.S. 843 (1988).

Breeden asserts that his attorney was ineffective for (1) failing to argue that Breeden did not knowingly and voluntarily waive his right to collaterally attack his conviction and sentence during the plea hearing, (2) coercing him to plead guilty, (3) failing to argue against uncharged conduct being used to enhance his sentence and (4) advising him that he would receive at most 8 years imprisonment.

Breeden's assertions that his counsel was ineffective are without merit. There is nothing in the record which indicates that Breeden was under the influence of drugs when he pled guilty. In fact, his attorney indicated in a July 2, 2002 letter to Thomas Mucklow, Assistant United States Attorney, that Breeden "was fully possessed of his faculties at the time we entered the plea and knew exactly was [sic] he was doing when he entered the same." Thus, Breeden's attorney did not act unreasonably in failing to argue that Breeden's plea was not knowing or voluntary. Further, Breeden merely states his attorney coerced him into pleading guilty. He does not provide any supporting facts. Thus, this claim is inadequately pled.

Additionally, as discussed in the previous section, uncharged conduct can be used for sentencing purposes. Thus, his attorney was not ineffective for failing to object to the Court's use of uncharged conduct to determine in Breeden's sentence.

Further, his attorney has indicated that he never told Breeden just to say "yes" or "no" at the hearing and that he never told Breeden he would only receive 8 years of incarceration. Even if his attorney had indicated he could receive 8 years imprisonment, "'mis-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir.

14

1995) (citing United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)). The Court advised Breeden regarding the potential sentence he faced, thus he was not prejudiced by any alleged incorrect information his attorney provided regarding his potential sentence.

Moreover, Breeden's assertions that he would have gone to trial instead of pleading guilty, had his attorney advised him he was facing 20 years imprisonment instead of life, is unsupported by the record and is entitled to little weight. His attorney could not know the specific penalty Breeden would receive. Moreover, Breeden was charged with 13 different counts and had he been convicted on the other counts he could have faced an even greater sentence. Breeden merely asserts that he would have gone to trial had he been properly advised of the sentence he would actually receive without offering any reasons why he would have gone trial. Moreover, Breeden has ignored the other counts he was facing. Thus, I find Breeden has failed to demonstrate that there is a reasonable probability that he would have proceeded to trial.

Lastly, during the plea hearing, Breeden expressed satisfaction with his attorney. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Consequently, Breeden's motion does not reveal he was provided ineffective assistance of counsel. Thus, his claim is without merit.

## F. Evidentiary Hearing

"Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, the statute makes a hearing mandatory." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Breeden's motion and the Government's response reveal Breeden is entitled to no relief.

Thus, Breeden is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING WITH PREJUDICE** the petition of Robert Leo Breeden and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: December 3, 2002

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).