IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT LEO BREEDEN,

      Petitioner,

v.                                                      Civil Action No. 3:04cv60
                                                      Criminal Action No. 3:00cr57

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM, OPINION, AND REPORT AND RECOMMENDATION

### I. BACKGROUND

Pending before the Court is the petitioner's § 2255 motion which he filed on July 13, 2004. The petitioner argues that because of a recent Supreme Court decision, <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), his sentence should be vacated and he should be resentenced.[1]

On February 1, 2001, the petitioner pled guilty to distribution of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860 (Count 28). On April 30, 2001, the Court sentenced the petitioner to 188 months imprisonment, and five years of supervised release.

The petitioner filed a direct appeal which was dismissed .Thereafter, on June 10, 2002, the

---

[1] <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) as an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." <u>Blakely</u>, 124 S. Ct. at 2537 (citations omitted).
    Recently, the Supreme Court has held that <u>Blakely</u> applies to federal sentencing guidelines. <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Specifically, in <u>Booker</u> the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

petitioner filed a § 2255 motion. The Court denied the § 2255 motion on January 7, 2003. Now, the petitioner has filed another § 2255 motion.

In his current § 2255 motion, the petitioner asserts that his sentence is invalid under Blakely because the amount of drugs stipulated in the plea agreement was not charged in the indictment or put before a jury and proven beyond a reasonable doubt.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL 83.15 and the July 22, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

## II. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motion challenges the same sentence as was challenged in his first § 2255 motion. Thus, the undersigned finds that the current § 2255 motion is a successive motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Thus, pursuant to 28 U.S.C. § 2244 and 28 U.S.C.

2

§ 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

The Court finds that transfer of the petitioner's § 2255 motion to the Fourth Circuit is not warranted because the Supreme Court has not ruled that Blakely and Booker apply retroactively to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001) (For purposes of authorizing a second or successive petition, the Supreme Court must declare that a new rule of constitutional law is retroactively applicable to collateral review.) See also In re Anderson, 396 F. 3d 1336 (11th Cir. 2005) (denied the petitioner's motion for leave to file a second or successive § 2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review). Further, by Order dated March 9, 2005, the Fourth Circuit Court of Appeals denied the petitioner's motion to file a successive application for relief.[2]

Accordingly, it is recommended that the petitioner's § 2255 motion be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING WITH PREJUDICE** the § 2255 motion of Robert Leo Breeden and dismissing the case from the docket.

---

[2]The order does not state the reasons why the petitioner was seeking permission to file a successive petition.

3

Any party may file within ten (10) days after being served with a copy of this Memorandum Opinion and Report and Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Report and Recommendation to the *pro se* petitioner.

Dated: March 24, 2005

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).