# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT LEO BREEDEN,**

    **Petitioner,**

**v.**                                                                    **Civil Action No. 3:05cv67**
                                                                    **Criminal Action No. 3:00cr57-7**
                                                                    **(Judge Broadwater)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

## I. BACKGROUND

On February 1, 2001, the petitioner pled guilty to distribution of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§841(a)(1) and 860 (Count 28). On April 30, 2001, the Court sentenced the petitioner to 188 months imprisonment and five years of supervised release.

The petitioner filed a direct appeal which was dismissed. Thereafter, on June 10, 2002, the petitioner filed a §2255 motion. The Court denied the §2255 motion on January 7, 2003. On July 13, 2004, the petitioner filed a §2255 motion arguing that in light of Blakely v. Washington, 530 U.S. 466 (2004) his sentence should be vacated and he should be resentenced.[1] The motion was

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

    Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury,

denied on May 6, 2005 as being a successive petition. Instead of appealing the Court's dismissal order, on June 16, 2005, the petitioner filed yet another §2255 motion.

In his current §2255 motion, the petitioner asserts that Booker applies retroactively and that "his attorney was ineffective for failing to raise a sixth amendment claim under Apprendi."

Additionally, on August 12, 2005, the petitioner filed a Motion Under 28 U.S.C. §2241 in which he indicates that his presentence investigation report contains erroneous information which has caused the Bureau of Prisons to incorrectly classify him. He requests that the Court order his presentence report be corrected with regard to his criminal history. The §2241 motion was filed as part of the petitioner's criminal case and has been addressed herein.[2]

This matter is pending before me for initial review and report and recommendation pursuant the Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

## II. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

[2]Technically, the §2241 motion should have been filed as a separate case number. However, the Court has no jurisdiction over the issue so the undersigned has chosen to address the §2241 motion in this Report and Recommendation instead of recommending that a separate case be opened for the §2241 motion.

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first §2255 motion was considered on the merits. The petitioner's current §2255 motion challenges the same sentence as was challenged in his first §2255 motion. Thus, the undersigned finds that the current §2255 motion is a successive motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court. Thus, pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The Court finds that transfer of the petitioner's §2255 motion to the Fourth Circuit is not warranted because the Supreme Court has not ruled that Blakely and Booker apply retroactively to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001)(for purposes of authorizing a second or successive petition, the Supreme Court must declare that a new rule of constitutional law is retroactively applicable to collateral review.) See also, In re Anderson, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review). Further, by Order dated March 9, 2005, the Fourth Circuit Court of Appeals denied the petitioner's motion to

file a successive application for relief.[3]

Accordingly, it is recommended that the petitioner's §2255 motion be dismissed for lack of jurisdiction.

With regard to the petitioner's motion to have his presentence report calculated, the Fourth Circuit has held in an unpublished opinion that an inmate who did not object to the PSR prior to sentencing waived the right to do so. United States v. Scott, 8 Fed.Appx. 275, 2001 WL 483474 (4th Cir. 2001).

Moreover, because the petitioner's argument regarding the presentence report addresses a classification issue and not his conviction and sentence, the undersigned finds that such is a §2241 issue. See United States v. South, 859 F. 2d 924 (9th Cir. 1988); United States v. Leath, 711 F. 2d 119 (8th Cir. 1983). However, this Court has no jurisdiction over a §2241 motion because the petitioner is incarcerated outside this district. See United States v. Miller, 871 F. 2d 488 (4th Cir. 1989).

### III.  RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING WITH PREJUDICE** the §2255 and §2241 motions of Robert Leo Breeden and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Memorandum Opinion and Report and Recommendation with the Clerk of the Court written objections identifying

---

[3]The order does not state the reasons why the petitioner was seeking permission to file a successive petition.

the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[4]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: September 26, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).