IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT LEO BREEDEN,

    Petitioner,

v.                                             Civil Action No. 3:05CV67
                                             Criminal Action No. 3:00CR57-07

UNITED STATES OF AMERICA,

    Respondent.

**REPORT AND RECOMMENDATION THAT PETITIONER'S MOTION UNDER FED. R. CIV. P. 60(b)(6) BE DENIED AND ORDER DENYING THE GOVERNMENT'S MOTION TO RECHARACTERIZE THE MOTION AS A § 2255 PETITION AS MOOT**

I. Introduction

Petitioner, Robert Leo Breeden, was one of twenty-six defendants in a sixty-three count indictment related to distribution of crack cocaine returned December 5, 2000. Defendant pleaded guilty to Count 28 of the indictment charging distribution of .44 gram of crack cocaine within 1,000 feet of a school on February 1, 2001. Defendant was sentenced to 188 months imprisonment May 9, 2001. The United States Court of Appeals for the Fourth Circuit granted the Government's Motion to Dismiss petitioner's appeal December 3, 2001.

Petitioner filed his first motion under 28 U.S.C. § 2255 on June 10, 2002. The motion was denied June 7, 2003. Petitioner appealed and the Fourth Circuit denied his appeal, and it was dismissed April 4, 2003.

Petitioner filed his second motion under 28 U.S.C. § 2255 on July 14, 2004. The motion was denied May 6, 2005 for lack of jurisdiction as a second or successive petition.

Petitioner filed his third motion under 28 U.S.C. § 2255 on June 6, 2005, and under 28 U.S.C. § 2241 on August 12, 2005. The motions were denied December 27, 2005 for lack of jurisdiction as a second or successive petition.

Petitioner filed this Motion for Relief From Judgment under Fed. R. Civ. P. 60(b)(6) April 13, 2006. In response the Government filed a Motion Requesting the Court to give Notice to Petitioner Recharacterizing His Motion as a Petition under 29 U.S.C. § 2255 on November 7, 2008.

Petitioner's First Motion Under 28 U.S.C. § 2255 was decided on the merits.

## II. Analysis

### A. Contentions of the Parties

Petitioner contends his counsel was ineffective because Petitioner's presentence report included two charges which should not have been used in calculating his criminal history category to which counsel did not object and his counsel filed a misplaced and unwarranted discovery motion. Finally, Petitioner claims prosecutorial misconduct in failing to verify the information in the presentence report.

The Government contends Petitioner's 60(b) motion is to circumvent the bar to second and successive petitions under AEDPA.

### B. Discussion

In United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003), the Court expressly held that District Court must treat Rule 60(b) motions as successive petitions if failing to do so would allow a petitioner to avoid AEDPA's bar against relitigation of the same claim or litigation of claims not presented in the prior petition. The decision gave a guide to determine whether a Rule 60(b) Motion was a true 60(b) motion or a disguised successive petition. A motion

2

directly attacking a prisoner's conviction would be a successive petition while a motion seeking review of an alleged defect in the review process would be a proper 60(b) motion. Id at 207.

There have been concerns raised by some that dicta in footnote 6 of Gonzalez v. Crosby, 545 U.S. 524 (2005) indicates a 60(b) motion is not barred as a successive petition when the original § 2255 motion was not decided on the merits. However, in this case petitioner's first § 2255 motion was decided on the merits. In addition, Petitioner has filed second and third § 2255's have been dismissed for lack of jurisdiction as successive petitions.

Petitioner's Rule 60(b)(6) motion attacks his conviction claiming ineffective assistance of counsel and prosecutorial misconduct. Clearly petitioner is attacking his conviction and not alleging a defect in the review process. Under Winestock, this Court must find what petitioner characterizes as a 60(b) motion as a successive petition and dismiss the same for lack of jurisdiction.

C. Recommendation and Order

For the foregoing reasons, it is recommended that the Motion Under Fed. R. Civ. P. 60(b) be **DENIED AS A SUCCESSIVE PETITION**, and the Government's Motion Requesting the Court Recharacterize the Motion as a § 2255 Petition be **DENIED AS MOOT**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Recommendation and Order, file with the Clerk of the Court written objections identifying the portions of the Recommendation and Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Recommendation and Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation and Order.

3

The Clerk of the Court is directed to provide a copy of this Recommendation and Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 14, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE