# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**ROBERT LEO BREEDEN**,

    Petitioner,

v.                                                 **Civil Action No. 3:05-CV-67**
                                                    **Crim. Action No. 3:00-CR-57-7**
                                                      **(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This case is pending before this Court on the Report and Recommendation filed by Magistrate Judge James E. Seibert [Crim. Doc. 1329 / Civ. Doc. 6] and the Respondent's Objections thereto [Doc. 1337] regarding petitioner's Motion Under Fed.R.Civ.P. 60(b)(6) [Doc. 1160] and the Government's Motion Requesting the Court Recharacterize the Motion as a § 2255 Petition [1316].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

*Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days after being served a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). This Court notes the petitioner timely filed his objections on January 29, 2009. Accordingly, this Court will review the portions to which objections were made *de novo*. The remaining portions will be reviewed for clear error.

## BACKGROUND

The petitioner, Robert Leo Breeden, was one of twenty-six defendants in a sixty-three count Indictment related to distribution of crack cocaine returned December 5, 2000. The defendant plead guilty to Count 28 of the Indictment charging distribution of .44 gram of crack cocaine within 1,000 feet of a school on February 1, 2001. The defendant was sentenced to 188 months imprisonment May 9, 2001. The United States Court of Appeals for the Fourth Circuit granted the Government's Motion to Dismiss petitioner's appeal December 3, 2001.

The petitioner filed his first motion under 28 U.S.C. § 2255 on June 10, 2002. The motion was denied June 7, 2003. The petitioner appealed and the Fourth Circuit denied his appeal, and it was dismissed April 4, 2003.

Breeden filed his second motion under 28 U.S.C. § 2255 on July 14, 2004. The motion was denied May 6, 2005, for lack of jurisdiction as a second or successive petition.

Petitioner filed his third motion under 28 U.S.C. § 2255 on June 6, 2005, and under 28 U.S.C. § 2241 on August 12, 2005. Both motions were denied December 27, 2005, for lack of jurisdiction as a second or successive petition.

2

Petitioner filed this Motion for Relief From Judgment under Fed. R. Civ. P. 60(b)(6) on April 13, 2006. In response, the Government filed a Motion Requesting the Court to give Notice to Petitioner Recharacterizing His Motion as a Petition under 28 U.S.C. § 2255 on November 7, 2008.

Petitioner's First Motion Under 28 U.S.C. § 2255 was decided on the merits.

## **DISCUSSION**

In ***United States v. Winestock***, 340 F. 3d 200, 206 (4th Cir. 2003), the Court expressly held that District Court must treat Rule 60(b) motions as successive petitions if failing to do so would allow a petitioner to avoid AEDPA's bar against relitigation of the same claim or litigation of claims not presented in the prior petition. The decision gave a guide to determine whether a Rule 60(b) Motion was a true 60(b) motion or a disguised successive petition. A motion directly attacking a prisoner's conviction would be a successive petition while a motion seeking review of an alleged defect in the review process would be a proper 60(b) motion. ***Id*** at 207.

There have been concerns raised by some that dicta in footnote 6 of ***Gonzalez v. Crosby***, 545 U.S. 524 (2005), indicates a 60(b) motion is not barred as a successive petition when the original § 2255 motion was not decided on the merits. In this case, however, petitioner's first § 2255 motion was decided on the merits. In addition, the petitioner has filed second and third § 2255's which have been dismissed for lack of jurisdiction as successive petitions.

The petitioner's Rule 60(b)(6) motion attacks his conviction claiming ineffective assistance of counsel and prosecutorial misconduct. Clearly, the petitioner is attacking his

3

conviction and not alleging a defect in the review process. Under *Winestock*, this Court must find what petitioner characterizes as a 60(b) motion as a successive petition and dismiss the same for lack of jurisdiction

In his objections, the petitioner states that his motion was filed in an effort to reconcile statements of fact that were made in the October 19, 2004, Order of Sentencing Hearing and the J&C. The petitioner claims the report and recommendation does not address this conflict. This Court notes, however, that these issues have already been addressed and denied on the merits. Therefore, the instant motion under Fed.R.Civ.P. 60(b) is yet another successive petition which shall be dismissed for lack of jurisdiction.

Accordingly, after reviewing the petitioner's objections, the Court finds based on the foregoing reasoning that the petitioner's Objections to the Report and Recommendation should be **OVERRULED** and the Magistrate's Report and Recommendation should be **ADOPTED**.

## **CONCLUSION**

For the reasons stated above:

1. The Magistrate Judge's Report and Recommendation **[Crim. Doc. 1329 / Civ. Doc. 6]** is **ORDERED ADOPTED**;

2. Petitioner's Motion Under Fed.R.Civ.P. 60(b)(6) **[Doc. 1160]** is **DENIED AS A SUCCESSIVE PETITION**;

3. Government's Motion Requesting the Court to Recharacterize the motion as a § 2255 Petition **[Doc. 1316]** is **DENIED AS MOOT**; and

4. Petitioner's Objections to the Report and Recommendation **[Doc. 1337]** are

**OVERRULED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: March 30, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE